**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CLARISSA TURNER,** | ) | **CASE NO. 1:18 CV 2980** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **MIAMI VALLEY HOSPITAL,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Clarissa Turner filed this medical malpractice action on behalf of herself and Melody Turner against Miami Valley Hospital. In the Complaint, Plaintiff alleges doctors and nurses did not do all they could do to save Melody Turner's life. She asserts claims for medical malpractice and seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**I. BACKGROUND**

Clarissa Turner contends Melody Turner was rushed to Miami Valley Hospital on November 18, 2016 with a gunshot wound to the head. She alleges the doctors attending to Melody refused to do surgery, informing Plaintiff that Melody was already brain dead. Plaintiff asked for the doctors to do additional testing to confirm this diagnosis, claiming she saw Melody

move her feet, but the doctors again refused saying she would not survive the testing. Plaintiff alleges the nurses did not wash Melody and behaved unprofessionally by laughing and giggling in her presence. Plaintiff claims they did not even wrap the wound, leaving the her to see the bullet still lodged in its place. Plaintiff states she believes Melody would still be alive if the doctors had performed the surgery.

## II. LAW AND ANALYSIS

As an initial matter, the Northern District of Ohio is not the proper venue for this action. A civil action may be brought only in: (1) a Judicial District where any Defendant resides, if all Defendants reside in the state in which the District is located, (2) a Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no District in which an action may otherwise be brought as provided by this section, any Judicial District in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). Here, the Defendant is a hospital in Dayton, Ohio which is located within Ohio's Southern Judicial District. The events giving rise to this Complaint also took place in Dayton, Ohio. The Southern District of Ohio is therefore the proper venue for this action.

An improperly venued action must be dismissed unless it is in the interest of justice that it be transferred to a District or division in which it could have been brought. 28 U.S.C. §1406(a). Because Plaintiff has not established standing to bring these claims nor a basis for federal court jurisdiction, the Court finds that it would not be in the interest of justice to transfer this matter and this action is therefore dismissed.

In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the Court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is a "bedrock requirement" of federal jurisdiction. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The Court is therefore obligated to examine a party's standing before addressing the merits of the party's claims. *See Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012).

To have standing to bring a claim, a party must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties, even if that third party is a close relative. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). In this case, Plaintiff is basing her claim on medical treatment that was denied to Melody Turner. To the extent Meldoy may have claims, they can be brought on behalf of her Estate by her Estate fiduciary. Plaintiff as an individual lacks standing to bring claims on behalf of Melody. The fact that Plaintiff may be collaterally affected by the adjudication of another's rights does not necessarily extend the Court's Article III powers to her. *Allstate Insurance Co.*, 760 F.2d at 692.

Even if Plaintiff could establish standing to bring medical malpractice claims, she has not established a basis for bringing those claims in Federal Court. Federal Courts are Courts of limited jurisdiction and unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.*

Generally speaking, the Constitution and Congress have given Federal Courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff has not met her burden to establish federal court jurisdiction. Diversity of citizenship does not exist in this case. Both parties appear to be citizens of Ohio. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Here, the only identifiable claims asserted in the Complaint are those of negligence or medical malpractice. Those are tort claims that arise under state law. They will not support federal question jurisdiction.

## III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                s/ Christopher A. Boyko
                                                CHRISTOPHER A. BOYKO
                                                UNITED STATES DISTRICT JUDGE

DATED: April 12, 2019

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.